# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

WILLIAM H. BAER,

                              :

        Petitioner,                 Case No. 2:10-cv-1164

                             :      District Judge George C. Smith

    -vs-                       Magistrate Judge Michael R. Merz

KIMBERLY CLIPPER, Warden,
 Grafton Correctional Institution,

                             :

        Respondent.

---

# REPORT AND RECOMMENDATIONS

---

Petitioner William H. Baer brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Harrison County Common Pleas Court on two counts each of rape, sexual battery, and gross sexual imposition for which he is serving two life sentences in Respondent's custody (Petition, Doc. No. 1, ¶¶ 3 & 5, PageID 1). Petitioner pleads the following Grounds for Relief:

> **Ground One**: Speedy Trial Violation as guaranteed by the Sixth Amendment to the United States Constitution.
>
> **Supporting Facts:** Trial was held despite the time for trial having expired.
>
> **Ground Two**: Plain Error in Amended Indictment violating the guarantees provided by the Fifth and Fourteenth Amendment[s] to the United States Constitution.
>
> **Supporting Facts:** Indictment was amended that added enhancement to the charges brought by the grand jury but not by the grand jury but by the prosecutor and outside of grand jury's realm.

1

**Ground Three:**  Violation of Witness Confrontation as guaranteed by the Sixth Amendment to the United States Constitution.

**Supporting Facts:**  Hearsay evidence was admitted through expert testimony which did not allow witness confrontation and direct cross examination.

**Ground Four:**  Ineffective Assistance of Counsel in violation of the guarantees provided by the Sixth Amendment to the United States Constitution.

**Supporting Facts:**  Defense counsel failed to call witnesses that supported defense of defendant nor did counsel call defendant to testify in his own behalf.

**Ground Five**:  Cumulative Prejudicial Trial Error violating Fifth and Fourteenth Amendment Guarantees of U.S. Constitution.

**Supporting Facts:**  Defense attorney's failure to properly represent defendant allowed testimony and evidence into the trial that had objections been made and upheld prejudicial material would not have been allowed.

**Ground Six:**  Insufficient Evidence to Support Conviction violating protections of Fifth and Fourteenth of U.S. Constitution.

**Supporting Facts:**  Conflicting statements of victims were not given proper weight in judicial consideration and heavily prejudiced defendant.

**Ground Seven**:  *Batson* violation contravening guarantees of the V, VI, and XIV Amendments to the U.S. Constitution.

**Supporting Facts:**  African-American member of jury venire was excluded from panel without a race-neutral reason being provided.

(Petition, Doc. No. 1, PageID 5-14.)  On Order of Magistrate Judge Deavers, the Respondent has

filed a Return of Writ (Doc. No. 7).  Attorney David Doughten entered an appearance on behalf

of Petitioner and filed the Traverse on his behalf (Doc. No. 19).  In doing so, counsel stated

Baer will request to amend his petition by counsel to ensure the claims below are properly presented. It should be noted that Claim Seven, a Batson claim, is fully exhausted and properly presented.

> Many of the other claims were not fairly presented as federal
> claims in state court. Other claims need further development.

*Id.* at PageID 1584.  The Traverse was filed August 30, 2011, and nothing further has been filed.

## Analysis

## Ground One:  Constitutional Speedy Trial Violation

In his First Ground for Relief, Baer asserts the timing of his trial violated his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution.  The Warden asserts this First Ground is procedurally defaulted (Answer, Doc. No. 7, PageID 38).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted
> his federal claims in state court pursuant to an
> adequate and independent state procedural rule,
> federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause of the default
> and actual prejudice as a result of the alleged
> violation of federal law; or demonstrate that failure
> to consider the claims will result in a fundamental
> miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);  *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas

3

petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), quoting *O'Sullivan v. Boerchel,* 526 U.S. 838, 846-47 (1999).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

4

The Harrison County Court of Appeals decided Baer's speedy trial assignment of error as follows:

> [P 27] In his first assignment of error, Baer argues:
>
> [P 28] "The indictment for the allegations of life rape should have been dismissed pursuant to a speedy trial violation."
>
> [P 29] Baer asserts that the amended indictment had the effect of bringing new charges upon Baer, renewing Baer's previously waived right to a speedy trial. Baer again correctly limits his argument to a plain error analysis, as he has waived the issue through his failure to object at any point during trial.
>
> [P 30] A defendant in a felony case has the right to be brought to trial within two hundred seventy days after arrest. R.C. 2945.71(C)(2); Ohio Constitution Art. I §10. When a defendant waives his right to a speedy trial, such waiver must be done knowingly, voluntarily, and intelligently. *State v. Adams* (1989), 43 Ohio St.3d 67, 69, 538 N.E.2d 1025. When the State issues a subsequent indictment, or when the State amends an indictment so as to bring additional charges against the accused, any previous speedy trial waiver by the defendant does not apply. *Id.* at syllabus. However, when the State amends an indictment but does not change the name or identity of the offense charged, any prior speedy trial waiver by the defendant continues to apply. *State v. Campbell,* 150 Ohio App.3d 90, 2002 Ohio 6064, 779 N.E.2d 811, at P24, affirmed by *State v. Campbell,* 100 Ohio St.3d 361, 2003 Ohio 6804, 800 N.E.2d 356.
>
> [P 31] As discussed supra, the trial court did not erroneously amend the indictment against Baer, and the changes that were made did not constitute changes in the name or identity of the crime. The specifications complained of did not have the effect of placing an additional burden on Baer's liberty, and thus were not the equivalent of new charges. Given the foregoing, Baer's speedy trial waiver applied to the entirety of his court proceedings. Baer's first assignment of error is meritless.

*State v. Baer*, No. 07 HA 8, 2009 Ohio 3248, 2009 Ohio App. LEXIS 2812 ¶¶ 27-31.  As this opinion makes clear, Baer argued the speedy trial issue on appeal solely as a matter of state law. Indeed, Baer admits in his Traverse that this issue was not presented to the Ohio courts as a

matter of federal law.  (Traverse, Doc. No. 19, PageID 1585-1586.)  Therefore Baer procedurally defaulted any federal constitutional speedy trial claim he may have had by not fairly presenting it to the state courts.

Independent of the fair presentation default, Baer also defaulted by not raising any speedy trial objection at trial.  The court of appeals recognized and enforced this default by analyzing the speedy trial claim only under plain error doctrine.  *State v. Baer, supra*, ¶ 29.  Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir.  2012)(*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v.  Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005);  *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac*, 456 U.S. 107, 124-29 (1982).  *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir.  2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason*

6

*v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Therefore Baer's constitutional speedy trial claim made in Ground One is procedurally defaulted on two separate bases and should be dismissed with prejudice.

### Ground Two:  Indictment Amended by the Court, Not the Grand Jury

In his Second Ground for Relief, Baer complains that the indictment was amended by the Court on motion of the prosecutor and not taken back to the grand jury, thus depriving him of his right to grand jury indictment under the Fifth Amendment.  The Warden also asserts that this Ground for Relief is procedurally defaulted.

The court of appeals decided the indictment amendment claim as follows:

[**\*P15**] In his second of seven assignments of error, Baer argues:

[**\*P16**] "The trial court committed plain error by allowing the indictment to be amended to involve force which added an element elevating the charge to a life count rape without proper consideration by the grand jury and allowing the "specification" of rape of a child younger than ten years of age."

[**\*P17**] Baer claims that the indictment as amended increased the penalty for the rape charges and included two new substantive specifications: force, and that the victims were under ten years of age. Baer further claims that the penalty for the rape charges was erroneously enhanced due to the correction of the rape charge as a special first degree felony rather than a first degree felony.

[**\*P18**] Baer correctly limits his argument to a plain error analysis, as he did not object to the amendment of the indictment at trial. [*HN1*]An appellate court does not have to resolve an alleged error if it was never brought to the attention of the trial court "at a time when such error could have been avoided or corrected by the trial court." *State v. Carter*, 89 Ohio St.3d 593, 598, 2000 Ohio 172, 734 N.E.2d 345. In the absence of objection, this court may only examine the court's actions for plain error. Id. Plain error should be used "with the utmost caution, under exceptional

7

circumstances and only to prevent a manifest miscarriage of justice." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d. 1240. A claim of plain error does not stand unless, but for the error, the outcome of the trial would have been different: "[t]he test for plain error is stringent. A party claiming plain error must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial. *State v. Davis*, 116 Ohio St.3d 404, 2008 Ohio 2, 880 N.E.2d 31, at P378.

**[\*P19]** Pursuant to Crim.R. 7(D), the court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, with respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. What exactly constitutes a change in the identity of a crime is somewhat unclear, but a change does occur when the amended indictment contains different elements requiring independent proof, or increases the severity of the charged offense. *State v. Fairbanks*, 172 Ohio App. 3d 766, 2007 Ohio 4117, P19, 21, 876 N.E.2d 1293.

**[\*P20]** The rape charges in the original July 7, 2006 indictment against Baer were cited as being in violation of R.C. 2907.02(A)(1)(b), which prohibits sexual conduct with a person under the age of thirteen. R.C. 2907.02 is generally a first degree felony, and was listed as such in the indictment. However, R.C. 2907.02(B) further specifies that an offender under (A)(1)(b) who engages in sexual conduct with a person under the age of ten or who uses force or threats of force "shall be imprisoned for life." Within the indictment's two rape counts, the victims were described as being under the age of ten.

**[\*P21]** At Baer's request, the State filed a Bill of Particulars on October 4, 2006 which stated that Baer was charged with rape in violation of R.C. 2907.02(A)(2), prohibiting sexual conduct with another person "when the offender purposely compels the other person to submit by force or threat of force." The bill of particulars identified the offense as a special first degree felony. The description of the charges included specifics as to the sexual conduct involved, the age of the victims, and the threats of force involved.

**[\*P22]** Subsequent to a phone conference with the trial court and all attorneys involved, the State filed a Motion to Amend Indictment pursuant to Crim.R. 7(D), which the trial court granted on May 24, 2007. The amended indictment identified the rape

offenses as special first degree felonies in violation of R.C. 2907.02(A)(1)(b), moved the description of the victims' ages to a separate "specification" section, and included a specification that the offense was committed with force or threats of force. The trial court stated that the amended indictment did not change the nature or elements of the indictment, that Baer had sufficient notice of the offense, and that the amendment corrected a clerical error. Baer did not object to the amendment at any stage. The trial court granted an additional amendment at the end of trial to clarify the identity of the victims for each offense.

[*P23] The amendments relating to the age of the victims and the type of felony were clarifications or corrections of clerical errors at most. Moreover they could not be considered a change in the name or identity of the charged offense, because the age of the victims and the statute subsection involved were explicitly indicated in the original indictment. Thus there was no error involved in these changes.

[*P24] Similarly, the addition of the "force" specification to Baer's indictment was not erroneous, or was harmless error at best. If a person is found guilty of R.C. 2907.02(A)(1)(b), i.e. that he has engaged in sexual conduct with a person under thirteen years of age, then he is guilty of a first degree felony. Under 2907.02(B), the penalty from the finding of guilt may be raised to a mandatory life sentence *either* if the offender used force or threats of force, *or* if the victim was under ten years of age. Thus force is not an element required to prove guilt under R.C. 2907.02(A)(1)(b); it is only a specification which may enhance the penalty thereof. A specification that only enhances the penalty is not required to be included in the indictment. *State v. Bowen* (Dec. 8, 1999), 7th Dist. No. 96-CO-68, 1999 Ohio App. LEXIS 5959 at *23, citing *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199.

[*P25] Moreover, Baer's offense had already been elevated to the life sentence level due to the age of the victims. Even if the State had left out the force specification, not proved the element of force, and not received a finding of force by the jury, the trial court still would have been statutorily required to sentence Baer to a life term subsequent to a jury finding of guilty. Therefore the alleged error would not have affected the outcome of Baer's trial.

[*P26] The trial court therefore did not commit any error by allowing the foregoing amendments in Baer's indictment, and any potential error would have been harmless beyond a reasonable

doubt. Because the trial court did not err, let alone commit plain
error, Baer's second assignment of error is meritless.

*State v. Baer, supra*, ¶¶ 15-26.

This Ground for Relief is procedurally defaulted for the same reasons as Ground One:

Baer's counsel made no contemporaneous objection and this claim was not fairly presented as a

federal claim in state court, as Baer concedes (Traverse, Doc. No. 19, PageID 1587).

Furthermore, this Ground for Relief does not state a claim cognizable in federal habeas corpus

because the Fifth Amendment guarantee of grand jury indictment has never been held applicable

to the States.  *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665,

687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527

(6th Cir.  2006)(*Apprendi* does not change this result).

The Second Ground for Relief should be dismissed with prejudice.

### Ground Three:  Confrontation Clause Violation

In his Third Ground for Relief, Baer asserts his Confrontation Clause rights were violated

by admission of hearsay statements at trial.  The warden asserts Ground Three is procedurally

defaulted for lack of contemporaneous objection and under the invited error doctrine.

The court of appeals decided the Confrontation Clause issue as follows:

[*P32] In his third assignment of error, Baer argues:

[*P33] "The defendant's right to confront witnesses was violated
by the inclusion of testimony of counselors and children services
workers [in] contravention of the 6th Amendment and the 14th
Amendment."

[*P34] Baer asserts that the testimony of Carrothers, Delilo-Storey
and Book, as well as the video-taped interviews of AB and SB

should have been excluded from evidence. Baer argues that the statements were hearsay, not within the medical diagnosis exception, and violative of Baer's right to confrontation.

[*P35] Before addressing the merits of this argument, we again note that Baer's failure to object to any of this evidence waives all but plain error. More importantly, Baer has invited the error to which he now objects. The record reflects that Baer stipulated to the admission of the video tape. Baer also entered a joint motion to admit the counseling notes of DeLillo-Storey and Sara Book, and stipulated to the admission of Carrothers' written investigative report. During opening statements for the case, counsel for Baer indicated that the testimony of the children and of the counselors would demonstrate inconsistencies and evidence of coaching. Counsel also indicated in opening statements that the testimony of Carrothers and others would demonstrate that the case against Baer was insubstantial.

[*P36] Baer expressly allowed the evidence and testimony in order to point out the weakness and inconsistencies in the State's case. We must therefore conclude that Baer "invited any error and may not take advantage of an error which he himself invited or induced." *State v. Davis*, 116 Ohio St. 3d 404, 2008 Ohio 2, 880 N.E.2d 31, at P86. Baer's third assignment of error has been completely waived, and is thus meritless.

*State v. Baer, supra*, ¶¶ 32-36.  Baer concedes in his Traverse that the state court of appeals

properly found this Ground for Relief to be defaulted (Traverse, Doc. No. 19, PageID 1591).

Therefore Ground Three for Relief should be dismissed with prejudice.

### Ground Four:  Ineffective Assistance of Trial Counsel:  Witnesses Not Called, Including Baer

In his Fourth Ground for Relief, Baer contends that his trial attorney provided ineffective

assistance of trial counsel when he failed to call certain witnesses, including Baer himself, who

would have provided helpful testimony.

The Petition does not identify who these witnesses would have been (except Baer

himself) or what any of them would have testified to.

In the Traverse Baer incorrectly asserts that this claim was presented to the state court of appeals, but when the ineffective assistance of trial counsel assignment of error made on direct appeal is examined, it is clear it was not the same claim.  Instead, Baer asserted that his counsel was ineffective for failing to object to the admission of the counselors' testimony, the amendment of the indictment, and the statutory speedy trial issue.  *State v. Baer, supra,* ¶ 42. That is simply not the same claim made in the Petition.

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle,* 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).  A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim.  *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the

pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681.  *See also Fulcher v. Motley,* 444 F.3d 791 (6th

Cir. 2006).

The Warden labels her defense to this Ground for Relief as lack of exhaustion, but the body of the argument presents what amounts to a procedural default defense.  Since the claim as made in federal court plainly depends on evidence outside the record, it would have to be presented to the state courts in a petition for post-conviction relief.  The time for presenting such a petition under Ohio Revised Code § 2953.21 has long since expired, as Respondent notes (Answer, Doc. No. 7, PageID 42).  Ohio allows a late filing under Ohio Revised Code § 2953.23 if a petitioner can show that he was unavoidably prevented from discovering the underlying facts and that, but for constitutional error at trial, no reasonable factfinder would have found him guilty.  While the Warden stated in March, 2011, when the Answer was filed that "[i]t is not clear if Baer meets either of these exceptions," it is now nearly two years later and, so far as this Court is advised, Baer has not filed a delayed post-conviction petition under Ohio Revised Code § 2953.23.  In the Traverse counsel admits that the ineffective assistance of trial counsel claims made in the Petition were not raised in state court and "[i]t will be necessary to request an amended petition which will be done so at a later date."  (Traverse, Doc. No. 19, PageID 1594.) However, no such amendment has been requested and the time for doing so is long since past.

Because Baer never presented his Fourth Ground for Relief to the state courts and the time within which to do so has expired, the claim is procedurally defaulted and should be dismissed with prejudice on that basis.

### Ground Five:  Cumulative Prejudicial Error

In his Fifth Ground for Relief, Petitioner argues that the errors made by his trial attorney cumulatively deprived him of a fair trial.  The Warden argues that this claim is procedurally defaulted because, although presented to the state court of appeals, it was not reiterated in Baer's appeal to the Ohio Supreme Court (Answer, Doc. No. 7, PageID 43-44.)

In the Traverse, Baer's counsel admits that claim was not brought forward from the court of appeals to the Ohio Supreme Court and asserts the claim "has not been exhausted."  However, Baer does not suggest that there is any way he could now exhaust the claim by presenting to that court, given that he already took an appeal to that court from which this claim was omitted.  As the Warden points out, Ohio has a criminal *res judicata* doctrine which bars consideration in a later proceeding of a claim which could have been, but was not, raised in a prior proceeding.

The Sixth Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Judge Moore recognizes this as a ruling of the Sixth Circuit in *Mason v. Mitchell*,320 F.3d 604 (6th Cir. 2003), *citing Coleman v. Mitchell, supra, Rust v. Zent, supra, and Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991).

Because Baer failed to include this claim on direct appeal to the Ohio Supreme Court, it is procedurally defaulted and should be dismissed with prejudice on that basis.

**Ground Six:  The Conviction Rests on Constitutionally Insufficient Evidence**

In his Sixth Ground for Relief, Baer asserts his conviction rests on constitutionally insufficient evidence.  The Warden concedes this claim is preserved for merit review in habeas corpus  (Answer, Doc. No. 7, PageID 46-50).   The Seventh District Court of Appeals decided this claim on the merits as follows:

> [*P44] In his sixth assignment of error, Baer argues:

> [*P45] "There was insufficient evidence presented to convict the appellant of the crimes charged."

> [*P46] In reviewing a challenge of insufficient evidence, "the inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, superseded by state constitutional amendment on other grounds. The court does not examine the credibility of the witnesses, nor does it weigh the evidence in this process. *State v. Goff* (1998), 82 Ohio St.3d 123, 139, 1998 Ohio 369, 694 N.E.2d 916. Sufficiency of the evidence is a test of adequacy, used to "determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541 (internal citations omitted). This is a burden of production, not of persuasion. *Thompkins* at 390.

> [*P47] Baer states that the evidence for his case is legally insufficient because the statements made by the two victims in trial contradicted previous statements the victims made to medical personnel, the Children's Services worker, and counselors. Additionally, Baer asserts that the children's mother, social worker, and counselors all lead or coached the children to say what they did. The only element specific to an offense that Baer discusses is "penetration," which he asserts was not established by credible evidence. In Baer's own recountal of the facts, he notes the points at which both victims described the act of penetration, and again relies on conflicting testimony as a basis for this argument.

> [*P48] If there are inconsistencies in the testimony, the task of

15

assessing witness credibility belongs to the trier of fact, and not to the reviewing appellate court. *State v. Were*, 118 Ohio St.3d 448, 2008 Ohio 2762, 890 N.E.2d 263, at P132. While Baer's arguments would be relevant in a manifest weight argument, this court must resolve conflicting testimony in favor of the prosecution in a sufficiency analysis. In such resolution, the testimony, which asserted all of the elements of the crimes charged, is taken to be true. Thus Baer has not demonstrated any insufficiencies in the evidence, and the sixth assignment of error is rejected.

*State v. Baer, supra*, ¶¶ 44-48.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358  (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was

recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).  Of course,

it is state law which determines the elements of offenses;  but once the state has adopted the

elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132,

110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner
> challenges the constitutional sufficiency of the evidence used to
> convict him, we are thus bound by two layers of deference to
> groups who might view facts differently than we would. First, as in
> all sufficiency-of-the-evidence challenges, we must determine
> whether, viewing the trial testimony and exhibits in the light most
> favorable to the prosecution, any rational trier of fact could have
> found the essential elements of the crime beyond a reasonable
> doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781,
> 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the
> evidence, re-evaluate the credibility of witnesses, or substitute our
> judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d
> 618, 620 (6th Cir. 1993). Thus, even though we might have not
> voted to convict a defendant had we participated in jury
> deliberations, we must uphold the jury verdict if any rational trier
> of fact could have found the defendant guilty after resolving all
> disputes in favor of the prosecution. Second, even were we to
> conclude that a rational trier of fact could not have found a
> petitioner guilty beyond a reasonable doubt, on habeas review, we
> must still defer to the state appellate court's sufficiency
> determination as long as it is not unreasonable. See 28 U.S.C. §
> 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas

corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and

then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v.*

*Palmer*, 541 F.3d 652 (6th Cir. 2008).

We have made clear that *Jackson* claims face a high bar in federal

habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam).*

In his Traverse, Baer concedes "[i]n the present case, the testimony of the victim's [sic], if believed, would establish sufficient evidence to sustain a conviction under a standard of review 'most favorable to the prosecution.'"  (Traverse, Doc. No. 19, PageID 1596.)  Because that standard is the one adopted by the Supreme Court in *Jackson v. Virginia, supra*, the court of appeals' decision on this claim is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent.  Ground for Relief Six should be dismissed with prejudice on the merits.

### Ground Seven:  Racially Discriminatory Exclusion of a Juror

In his Seventh Ground for Relief, Baer claims the prosecutor used a peremptory jury challenge to remove a potential trial juror on a racially-discriminatory basis, in violation of the Fourteenth Amendment.  The Warden concedes that this claim is preserved for merit consideration in habeas corpus (Answer, Doc. No. 7, PageID 51-55).

The state court of appeals decided this claim on the merits as follows:

18

[*P49] In his seventh assignment of error, Baer argues:

[*P50] "The prosecution preemptively challenging a black prospective juror because of race violated the accused's due process rights under the 14th Amendment and Article I § 16 of the Ohio Constitution."

[*P51] Baer asserts that the State excluded the only African American member of the jury venire without providing a valid and race-neutral reason, in contravention of the Supreme Court's decision in *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69.

[*P52] A prosecutor violates the Equal Protection Clause of the United States Constitution when she uses peremptory challenges to purposefully exclude members of a minority group because of their minority status. *Batson* at 85-86; *State v. Bryan*, 101 Ohio St.3d 272, 2004 Ohio 971, 804 N.E.2d 433. Courts analyze a *Batson* claim in three steps: 1) the opponent of the peremptory strike must make a prima facie case of racial discrimination; 2) the party making the peremptory challenge must present a racially neutral explanation for the challenge; and, 3) the trial court must decide whether the opponent has proved a purposeful racial discrimination. *Batson* at 96-98; *State v. Herring*, 94 Ohio St.3d 246, 255-56, 2002 Ohio 796, 762 N.E.2d 940. The parties in the case *sub judice* argued this issue with the assumption that Baer made a prima facie case of racial discrimination.

[*P53] When a trial court evaluates the attorney's explanation, "a court must determine whether, assuming the proffered reasons for the peremptory challenges are true, the challenges violate the Equal Protection Clause as a matter of law." *Hernandez v. New York* (1991), 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395. Appellate courts review *Batson* determinations with great deference, and a trial court's findings of no discriminatory intent will not be reversed unless clearly erroneous. *Hernandez* at 365; *Bryan* at P 106.

[*P54] A race-neutral explanation for a peremptory challenge is simply "an explanation based on something other than the race of the juror." *Hernandez v. New York* (1991), 500 U.S. 352, 360, 111 S. Ct. 1859, 114 L. Ed. 2d 395. "[T]he prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause." *Batson* at 97. The explanation must relate to the particular case being tried and be both clear and reasonably specific. *Batson* at 98, footnote 20. Although some relevancy is required of the

explanation, it does not need to be "'persuasive, or even plausible': so long as the reason is not inherently discriminatory, it suffices." *Rice v. Collins* (2006), 546 U.S. 333, 338, 126 S.Ct. 969, 163 L.Ed.2d 824, quoting *Purkett v. Elem* (1995), 514 U.S. 765, 767-768, 115 S.Ct. 1769, 131 L.Ed.2d 834. See also, *Hernandez* at 360 ("Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.").

[*P55] In the case *sub judice*, the parties did not dispute that Baer established a prima facie case of racial discrimination, as the juror in question was the only African American in the jury venire. The State questioned the juror, Mr. Jones, as follows:

[*P56] "Q: Have you or one of your family members been accused of a crime?

[*P57] "A: My son years ago had an affair with a girl and had a child.

[*P58] "Q: What kind of case was that?

[*P59] "A: It never came up to –

[*P60] "Q: So it never came to court.

[*P61] "A: No.

[*P62] "Q: So there was an allegation made but that matter was not brought to court. And because there was an allegation made against your son and we have a case where allegations have been made against Mr. Baer would that -- could you put that past history with your son out of your mind and listen only to what is said here at the witness stand?

[*P63] "A: Yes.

[*P64] "Q: And you could put that past incident with your son out of your mind and not bring it into your decision making?

[*P65] "A: Yes.

[*P66] * *

[*P67] "Q: The subject matter of this case obviously is offensive to some people. Because we're dealing with offensive subject matter would you be able to listen to this case or is the matter so offensive

that you would tend to tune out what is being said?

**[\*P68]** "A: I find it offensive, very offensive. I really am not sure if could (inaudible).

**[\*P69]** "Q: * * * And in this case, you know, the allegations are that there was sexual conduct and sexual contact by Mr. Baer with his two young children. Do you think you could listen to that evidence or will that evidence be of such a nature that it will be difficult for you to listen to that to the fact where you might zone out on it instead of listening to all (inaudible). Does that make sense?

**[\*P70]** "A: It'd be difficult.

**[\*P71]** "Q: * * * It's going to be difficult for us all to deal with this case, difficult for everyone in this room including the Defendant to listen to the evidence. But as a juror it's your job to listen to the evidence and be able to listen to all the evidence and make a decision. Now, because this matter is about sexual abuse do you think you can sit here and listen to evidence about sexual abuse?

**[\*P72]** "A: Yes.

**[\*P73]** "Q: And if you can listen to it then you can be fair and impartial.

**[\*P74]** "A: Yes.

**[\*P75]** The State later exercised its third peremptory challenge to excuse Mr. Jones. Baer raised the *Batson* challenge in a sidebar conference with the judge, which was not transcribed. Because the sidebar conversation was not recorded, the trial court entered an Appellate Rule 9 Statement of Record as to what transpired during the discussion. The trial court "noted that some of Mr. Jones' responses demonstrated his doubts about serving as a juror in this case."

**[\*P76]** The record indicates that the State provided a race-neutral reason for excusing Mr. Jones from the jury, and that the statements by Mr. Jones support the State's reason for excusing him. Mr. Jones stated that he could be fair and impartial in the case, but also indicated that it would be difficult to hear the case and stated "I find it offensive, very offensive. I really am not sure if I could (inaudible)." Mr. Jones also answered affirmatively, albeit vaguely, to questions about family members being accused

of crimes. A prospective juror's equivocal answers or expressions of uncertainty about impartiality or matters pertinent to the case are sufficiently race-neutral reasons for exercising a peremptory challenge. *State v. Were*, 118 Ohio St.3d 448, 2008 Ohio 2762, 890 N.E.2d 263, at P65 (prospective juror had uncertain position on the death penalty); *State v. Franklin*, 7th Dist. No. 06-MA-79, 2008 Ohio 2264, at P70-92 (prospective juror's attentiveness and understanding of burden of proof was uncertain); *State v. Person*, 174 Ohio App.3d 287, 2007 Ohio 6869, 881 N.E.2d 924, at P33 (prospective juror made a disdainful facial expression during the State's questions).

[*P77] Baer did not demonstrate that the State's reason for the peremptory challenge was "so at odds with the evidence that pretext is the fair conclusion." *State v. Frazier*, 115 Ohio St.3d 139, 2007 Ohio 5048, 873 N.E.2d 1263, at P66. The trial court was in the best position to evaluate the exchange between the attorneys and the jury venire, and was in the best position to discern whether the State's reason for peremptory challenge was pretextual. "Appellate judges cannot on the basis of a cold record easily second-guess a trial judge's decision about likely motivation. These circumstances mean that appellate courts will, and must, grant the trial courts considerable leeway in applying *Batson*." *Rice v. Collins* at 343. (Breyer, J., concurring).  The trial court completed the *Batson* analysis appropriately and determined that the State had valid race-neutral reasons for excluding Mr. Jones. The trial court's ruling on the *Batson* challenge was not clearly erroneous. Given the foregoing, Baer's seventh assignment of error is meritless.

*State v. Baer, supra*, ¶¶ 49-77.

In arguing this claim on the merits, Petitioner does not assert that the court of appeals' decision was contrary to controlling United States Supreme Court precedent and the Magistrate Judge concludes that it was not.

*Batson v. Kentucky*, 476 U.S. 79 (1986), prohibits race-based peremptory challenges by a prosecutor.  *Powers v. Ohio*, 499 U.S. 400 (1991), holds that a criminal defendant, regardless of race, may object to race-based exclusion.  *Batson* holds a state criminal defendant can establish a *prima facie* case of purposeful racial discrimination in the selection of jurors solely by proof of peremptory challenges to exclude members of the defendant's race.  The potential juror excluded,

Mr. Jones, was in fact African-American and the parties assumed Baer had made out a *prima facie Batson* violation.

A trial court must use a three-step process to evaluate a *Batson* claim.  First, the opponent must make a *prima facie* showing that the proponent of the strike has exercised a peremptory challenge on the basis of race.  The burden then shifts to the proponent to articulate a race-neutral reason for the challenge.  Finally, the trial court must determine if the opponent has carried his burden of proving purposeful discrimination.  *Purkett v. Elem,* 514 U.S. 765 (1995); *Hernandez v. New York*, 500 U.S. 352 (1991).  The court of appeals' decision reflects that it understood this controlling Supreme Court precedent and found that the trial court had followed the prescribed process for adjudicating a *Batson* claim.

A trial judge's conclusion that the challenge was race-neutral must be upheld unless it is clearly erroneous.  *Hernandez*; *supra*; *United States v. Tucker*, 90 F.3d 1135, 1142 (6th Cir. 1996); *United States v. Peete*, 919 F.2d 1168, 1179 (6th Cir. 1990).  At the third stage of *Batson* analysis, the defendant has the opportunity to rebut the proffered race-neutral reason as pretext, and the trial court determines whether the defendant has established purposeful discrimination.  *Batson,* 476 U.S. at 93-98; *accord Braxton v. Gansheimer*, 561 F.3d 453 at 458-59 (6th Cir. 2009). The defendant "always bears the ultimate burden of persuasion." *Akins v. Easterling*, 648 F.3d 380, 387 (6th Cir. 2011), *citing Braxton*, 561 F.3d at 459.

Acknowledging that the state courts recognized the governing precedent, Baer argues they applied it unreasonably (Traverse, Doc. No. 19, PageID 1605).

Because the sidebar conference during which the *Batson* challenge was raised was not recorded in the trial court, the record on appeal was supplemented by Judge Nunner's statement of what occurred.  (Return of Writ, Doc. No. 7, PageID 147-148, with attached relevant pages of

the voir dire transcript.)  The record does not indicate that any party objected to Judge Nunner's summary.  The summary clearly shows that Baer made a *prima facie* showing under *Batson*, to wit, that prospective juror Jones was African-American and the State was clearly seeking to exclude him by exercising a peremptory challenge.  The prosecutor responded that he was not seeking to exclude Mr. Jones because of his race, "but choose [sic] to exclude him based on a number of his responses which implied he had reservations about being a part of the process." *Id.* at PageID 147-148.  There is no indication of any argument by Baer's counsel to attempt to demonstrate that the stated reason is pretextual.  Judge Nunner notes that the "arguments were relatively brief." *Id.* at PageID 148.

The arguments now made on habeas as to why the prosecutor's reasons were pretextual are as follows:

1.     "[T]he prosecutor dismissed the minority juror because he expressed reservations about serving because he had two daughters."  (Traverse, Doc. No. 19, PageID 1603.)  Mr. Jones, in response to the prosecutor's questions about whether he had any daughters, answered yes. (Return of Writ, Doc. No. 7, PageID 151.)  When asked if he could put his own children out of his mind when deciding the case, he answered "I'm sure you try to" and "I believe I can do that."

2.     "It is difficult to believe that any prospective juror would not be bothered by the allegation.  Juror Jones merely stated what the other juror's [sic] were undoubtedly thinking, except that he was punished for it.  Juror Jones did not indicate any real reluctance to serve fairly and honestly."  (Traverse, Doc. No. 19, PageID 1603).  When asked by the prosecutor if he would find the subject matter of the case "so offensive that you would tend to tune out what is being said," Mr. Jones responded "I find it offensive, very offensive.  I am not really sure if I could (inaudible)."  (Return of Writ, Doc. No. 7, PageID 152.)  When the prosecutor continued

24

"Do you think . . . you might zone out [because of the nature of the evidence], Mr. Jones responded "It'd be difficult." *Id.*

Mr. Jones expressed his reservations about serving because of the nature of the subject matter three times before the prosecutor asked the general rehabilitating questions about whether Mr. Jones could be fair and impartial.

The question before this Court on habeas is not whether Baer's current counsel can make an argument for a *Batson* violation. Rather, the question must be whether Baer's trial counsel carried his burden of proving that the peremptory challenge was racially discriminatory. Trial counsel, so far as the record shows, did not make either of the arguments now made by habeas counsel or indeed any argument at all. Based on the record, it cannot be said that Judge Nunner's finding of no racial animus was clearly erroneous. Mr. Jones' responses did indicate reluctance to participate in this kind of case. He did indicate his son had been involved in some sort of sexual misconduct. It was the prosecutor who asked the rehabilitating questions of Mr. Jones. And Mr. Jones was excused only on the exercise of the State's third peremptory challenge.

It is certainly true that the prosecutor could not have excused Mr. Jones for cause based on his voir dire answers, but lack of cause for an excuse does not prove that exercise of a peremptory challenge had a racial rather than a race-neutral reason. The prosecutor stated a race-neutral reason, Baer's trial counsel apparently made no response, and Judge Nunner decided that Baer had not carried his burden of proving racial animus. The court of appeals' decision affirming that holding is not an unreasonable application of *Batson* and its Supreme Court progeny.

Baer's Seventh Ground for Relief should be dismissed with prejudice on the merits.

## Conclusion

Based on the foregoing analysis, the Petitioner herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that an appeal would not be taken in objective good faith and should therefore not be permitted to proceed *in forma pauperis*.

January 28, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).